JOHN O. YEISER, APPELLANT, V. BALTHAS JETTER ET AL.,
APPELLEES.

FILED MARCH 28, 1910.   No. 15,964.

Assignments: PLEADING: SUFFICIENCY.   Petition examined, its sub-
stance stated in the opinion, and *held* sufficient to resist a general
demurrer.

APPEAL from the district court for Douglas county:
WILLIS G. SEARS, JUDGE.   *Reversed.*

*John O. Yeiser, pro se.*

*John T. Cathers* and *A. S. Ritchie, contra.*

BARNES, J.

Plaintiff brought this action to recover a money judg-
ment for the rent of certain premises situated in the city
of Omaha owned by P. R. E. E. Linton, A. F. Linton and
A. F. Linton, trustee.   Before the plaintiff filed his peti-
tion in the district court one John T. Cathers came into
the case by way of intervention.   We are unable to ascer-
tain from the record when or how Cathers became an
intervening defendant, and therefore we assume that the
action was commenced in the county court and was brought
to the district court by appeal.   The other defendants,
who were the lessees of the premises, and from whom the
rent in question is alleged to be due, are Balthas Jetter
and the Jetter Brewing Company.   The allegations of the
petition are substantially as follows:   That Balthas Jet-
ter and the Jetter Brewing Company leased the east one-
third of lot 4, in block 134, in the city of Omaha, Douglas
county, Nebraska, of P. R. E. E. Linton and A. F. Linton;
that on the 31st day of March, 1897, P. R. E. E. Linton
conveyed the premises to A. F. Linton as trustee; that
defendants Jetter and the Jetter Brewing Company con-
tinued to lease and occupied the premises from month to
month at an agreed rental of $45 a month, and are still

occupying said premises under said lease; that the defendants Jetter and the Jetter Brewing Company have paid no rent since December 1, 1902; that in the month of May, 1902, the Lintons and their minor children had a large amount of litigation pending in Nebraska, and at that time retained the plaintiff to act as their attorney in conducting such litigation, and agreed to and with the plaintiff that as his compensation for his services he should collect and receive the rent due and to become due for the use of said premises, and thereafter made and delivered to him a written assignment therefor in the words and figures following: "For valuable consideration we hereby assign all our right, title and interest in and to any rents due or to become due in any real estate in Nebraska, owned severally or jointly or in a trust capacity, to John O. Yeiser. This agreement to be valid only so long as he continues to act as the attorney of the undersigned and subject to revocation at any time without notice. Subject to revocation." That such relationship of attorney and clients still exists, and that he has ever since continued to act as attorney for the said Lintons; that his said clients made a second written assignment of the rents aforesaid to plaintiff as follows: "Pittsburgh, Pa., Aug. 29, 1904. For value received we assign all money due to us for rents from the Linton estate, Omaha, Nebraska, up to date, to John O. Yeiser, our attorney at law. A. F. Linton, A. F. Linton, Trustee, P. R. E. E. Linton." That his right to collect and receive the aforesaid rents has never been and is not now disputed or questioned by his said clients; that they are indebted to him in a sum largely in excess of the amount due as rents from the defendants Jetter and the Jetter Brewing Company; that there is now due and owing to him from the above named defendants the sum of $855 on account of the rents aforesaid from December 1, 1902, until July 11, 1904, no part of which has been paid, and that he has frequently demanded payment thereof. The

26

petition concludes with a prayer for a judgment against the defendants for $855, with interest and costs of suit. To this petition the intervener Cather demurred, for the reason that "the petition of the plaintiff does not state a cause of action against the defendant and the intervener." The district court for Douglas county sustained the demurrer and dismissed the plaintiff's action, who, to reverse that judgment, has brought the case here by appeal.

It is contended by the intervening defendant Cathers, who argues that he is entitled to the rent due from his codefendants, that the petition does not state facts sufficient to constitute a cause of action. In support of this contention he claims to have a judgment against the Lintons, and that the assignments set forth in the petition are void as to him, because he is a creditor of the assignors. While this may be so, still, there is nothing contained in the petition from which that fact can be inferred, and therefore that defense, if it exists at all, must be raised by way of answer.

It is further contended that the assignment in question is within the statute of frauds, and is therefore void because it relates to real estate or is an interest in land. We think this contention is beside the mark. The assignment created no interest in the leased premises. It gave the plaintiff no power to terminate the lease. He could not even declare a forfeiture for non-payment of rent, nor could he lease the real estate to another. It gave him no right to the possession of, or control over, the leased property, and the only thing he could do was to demand and receive the money which otherwise the defendants Jetter and the Jetter Brewing Company would pay to his assignors. It seems clear that the defendant's objections are in the nature of defenses to the plaintiff's cause of action, which cannot be determined upon a general demurrer to the petition. To be available they must be pleaded by way of answer.

We are of opinion that the petition is sufficient to resist

a general demurrer, and therefore the judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED.